### KALAMAZOO TANK & SILO CO. v. SHIEK.

1. EVIDENCE—CONTRACTS—PAROL EVIDENCE AS TO CONTENTS OF CIRCULAR.

Where written order for building tile recited that tile were to be shipped as per bargain letter, and defendant admitted receiving letter but denied that circular referred to therein was inclosed, admission of parol evidence as to contents of circular was not reversible error, in view of testimony by plaintiff's agent that in conversation lasting several hours defendant was fully informed as to contents of circular and what "bargain tile" were.

2. SALES—SELLER NOT LIABLE FOR GOODS DAMAGED AFTER DELIVERY.

Seller of building tile who agreed to replace any tile broken in shipment was not liable for tile broken by railroad company after delivery of car to buyer and after he had commenced unloading.

3. TRIAL—INSTRUCTIONS.

Objection that undue prominence was given plaintiff's claims in charge by trial judge, *held*, not sustained by record.

4. FRAUD—"PUFFING" GOODS DOES NOT CONSTITUTE FRAUD.

Usual "puffing" of building tile in seller's catalogue may not be made basis for claim of fraud by buyer.

On the question as to when goods deemed delivered to consignee before removal from car, see annotation in 40 L. R. A. (N. S.) 773.

5. TRIAL—INSTRUCTIONS—FRAUD—APPEAL AND ERROR.

Where, in action for price of building tile, defendant in his notice claimed fraud, in that plaintiff agreed to build barn as part of transaction, but in none of his requests to charge suggested defense of fraud, and trial court instructed jury to find for defendant if plaintiff so agreed, and to find for plaintiff if it did not, defendant's objection that trial court did not instruct jury on defense of fraud is without merit.

Error to Oakland; Covert (Frank L.), J. Submitted June 6, 1929. (Docket No. 70, Calendar No. 33,814.) Decided October 7, 1929.

Assumpsit by the Kalamazoo Tank & Silo Company, a Michigan corporation, against William H. Shiek on a contract for the sale of tile. From a judgment for plaintiff, defendant brings error. Affirmed.

*Patterson & Patterson,* for plaintiff.

*William Shiek (C. A. Reilley,* of counsel), *in pro. per.*

BUTZEL, J. Defendant signed and plaintiff accepted the following order:

"Kalamazoo Tank & Silo Co.,
    "Kalamazoo, Michigan.
    "Please ship April 1st, 1924, or at your earliest convenience, to me at Oxford, County of Oakland, State of Mich., the following named below, this order being subject to your approval at Kalamazoo, Mich., and to the conditions printed on back.

| Diameter | Height | Material | Price |
|---|---|---|---|
| 13,000 5x8x12 | Fire Clay Build. tile | | |
| 1,500 Headers 5x4x8 | | | |
| 300 Corner Bld. tile | | | |
| 100 5x4x12 Bldg. tile 100–½ blocks. | | | $1,650.00 |

"On the arrival of the above I will pay to the Kalamazoo Tank & Silo Co., or only on their order,

the above amount less freight, which I am to pay on arrival, receiving credit for same by delivering freight bill to the bank at time of making settlement $1,650.00 by notes due Aug. 1st, 1924, int. at 7% from date of arrival.

"Payable at Commercial State Svgs. Bank, Detroit, Mich.

"Date 3-14-1924.

"Salesman H. M. Barclay

Sign here "William H. Shiek

"Frank Berry

"P. O. 819 Majestic Bldg., Detroit, Mich."

To this was added a property statement signed by defendant, and on the margin was written: "These tile to be shipped as per bargain letter."

Without objection defendant was permitted to introduce testimony tending to show that, prior to the execution of the agreement, it was agreed that plaintiff would, as a part of the transaction, construct a barn for defendant to cost, in addition to the cost of tile, $2,500 if the barn was made 100 feet long, and $3,000 if made 120 feet long. Plaintiff in turn denied any such arrangement and introduced testimony tending to show that its agent introduced to defendant a Mr. Berry, a carpenter, and Mr. Blackford, a mason, who were connected with plaintiff, with a statement that the company would in no way assume the responsibility of their agreements, that if they did not carry out the bargains, it would be defendant's funeral, not the company's, and that defendant with such understanding hired them, one at 85 cents an hour and the other at $1.00 an hour to do the work. The trial resulted in a verdict and judgment for plaintiff for the full amount of its claim.

Defendant *in propria persona* in a brief of 147 pages, and under 51 heads, urges that many revers-

ible errors appear in this record. We have read the record and defendant's voluminous brief with care, and reach the conclusion that none of the questions raised would justify this court in reversing the judgment, and but few of them require discussion.

1. The words "bargain letter" appearing in the sentence on the margin of the order required explanation. Plaintiff's claim, supported by testimony, was that it accumulated building tile in its yard from time to time which were not perfect but which were usable, and which it sold at around 80 per cent of the price of number one tile. It claimed to have inclosed a mimeographed circular letter with reference to these tile to defendant in a letter sent him by mail some time before the order was given. He admits receiving the letter which referred to this circular letter, but denied receiving the circular letter, and based his refusal, on demand to produce, on this ground. The case was tried some three years after the transaction, and plaintiff was unable to find and produce a copy of the circular letter, and parol testimony of its contents was admitted. This is urged as constituting serious and reversible error. Quite possibly plaintiff did not go quite as far as its proofs tending to show the mailing of the letter with the inclosure as it should. However, defendant admitted receiving the letter and introduced it in evidence, and the testimony of plaintiff's agent who took the order showed that all the talk at the time the order was taken and the only price made was for these imperfect tile which were called "bargain tile," and were referred to in the bargain letter. Indeed, the testimony of the agent, if believed, and it was believed, established that in the several hours the parties discussed the deal, defendant was fully informed what "bargain

tile" were, and likewise what the contents of the "bargain letter" were.

2. There is a claim of defendant that it does not sufficiently appear that the tile ordered reached their destination in sound condition. The agent testified that it was agreed that plaintiff would furnish other tile for all broken in shipment if defendant would have them marked on the freight bill, which was not done. He also testified:

"The tile at Oxford that Mr. Shiek received was in due accordance with the tile I sold him, the exact tile of the bargain tile. * * * I looked the tile over at Oxford station that was there, but I didn't count them, but I did examine the tile and found the tile, the bargain tile, exactly what Mr. Shiek bought. The tile were apparently all there except some that was broken in the car by bumping the car." ·

There was also testimony that after the car had been placed on the team track, and had been opened by defendant and some of the tile removed, the railroad company bumped into it with another car in doing some switching and broke some of the tile. This, however, was after delivery of the car to defendant and while he was exercising control over it. He may have a claim for such damage against the railroad company but not against plaintiff.

3. It is urged at much length that undue prominence was given plaintiff's claims in the charge. We do not so find. We do not find any statement of any of the plaintiff's claims in the charge which were not good-faith claims made by plaintiff, and all had evidential support. That more lines were used in the record in stating the claim of plaintiff than were used in stating the claim of defendant is not unusual. Defendant generally denies all or most of plaintiff's claims, and a statement that he

makes such denial is sufficient. Where, as here, he asserts an affirmative defense, the trial judge should state his claim in that regard. This was done and fully done in the instant case, and, as we shall presently see, the charge fully protected defendant's rights.

4. Defendant complains because the trial court did not instruct the jury on the defense of fraud. In none of his requests did defendant suggest such a defense. In his notice he did insist that a fraud was perpetrated on him (1) by the contents of plaintiff's catalogue, and (2) by plaintiff's promise to build the barn. As to the first of these propositions, the catalogue contained the usual "puffing" of goods and nothing more. As to the second, it is doubtful if defendant's testimony tended to show anything beyond a promise to do something in the future. But be that as it may, in a very fair charge, the court submitted to the jury the main question, *i. e.,* whether plaintiff agreed to build the barn, and directed them to find for plaintiff if it did not, and if it did to find for defendant. The jury by its verdict found it did not promise to build the barn. Whether we call it fraud or breach of contract is, therefore, unimportant. The charge was full, clear, and without bias. It contained no prejudicial error.

The other objections do not merit discussion.

The judgment will be affirmed.

NORTH, C. J., and FEAD, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.