## GEORGIA A. BURGESS v. LEO M. CRAFTS.[1]

November 6, 1931.

No. 28,463.

[1]Reported in 238 N. W. 798.

*Smith, Callahan & Carlson, Eloi Bauers,* and *Russell Smith,* for appellant.

*Sweet, Johnson & Sands* and *Thompson, Hessian & Fletcher,* for respondent.

LORING, J.

In an action to recover for personal injuries suffered in an automobile accident, the defendant had a verdict, and the plaintiff appealed from an order denying her motion for a new trial.

The accident occurred on the Lincoln highway in the state of Pennsylvania on July 20, 1928. Plaintiff was a guest in the defendant's car and was riding on the left side of the rear seat at the time she was injured. The defendant is a resident of Minneapolis and was taking his wife and her two sisters on an automobile trip through the east. July 20 they had been driving over the hills and shortly before the accident had encountered a rainstorm, which made the tarvia or bitulithic pavement very slippery. The defendant had been ascending a hill at approximately 30 miles an hour, and when he arrived at the top, as he looked down the steep hill on the other side, he discovered some cattle about 150 to 200 feet ahead and near the road. They were evidently just about coming onto the pavement. He immediately threw out his clutch and put his brakes on hard. As a result the car swayed and went into a whirling skid on the steep hill. It tipped over and injured the plaintiff.

The case was submitted to the jury on the question of the defendant's negligence and the plaintiff's contributory negligence. Plaintiff objected to the submission of her contributory negligence to the jury; and if it was improper for the court to do so she is entitled to a new trial unless the evidence is conclusive that the defendant was free from negligence. On the latter question we are of the opinion that the court was correct in submitting it to the jury. Reasonable men might differ as to whether or not defendant exercised that degree of care in handling his car which a person of ordinary prudence would have exercised, when confronted with a like situation. On slippery pavement of the character stated, a violent setting of the brakes, accompanied by throwing out the

clutch on a steep hill, might be considered by drivers of ordinary prudence to be calculated to cause just such an accident. At least it was a question for the jury.

We come then to the question whether it was proper to submit to the jury the question of contributory negligence. A guest passenger is of course required to exercise ordinary care for his own safety, but that does not mean that he has to assume responsibility for the management of the car. This court has upon occasion defined the duties of a guest and laid down the rule that he is not required to be constantly on the alert to discover dangers which the driver may perchance not discover. When he is riding with an apparently competent driver his duty requires him to warn the driver of a danger which he has become aware of and which he has reason to believe the driver has overlooked or is not aware of. In the case at bar the speed of 30 miles an hour up the hill was not such evidence of carelessness on the part of defendant as to require a protest from a guest of ordinary prudence. If this speed were all the negligence chargeable to defendant, we should be inclined to the view that there was no evidence to go to the jury on that issue. With the management of the car, when the defendant was confronted with the extremely slippery hill and the cattle threatening to cross the road, the plaintiff obviously could not have interfered or have done anything to prevent the accident. She was not a driver; and even if she had been and had known how to handle a car to prevent skidding under such circumstances, there would have been no opportunity to advise the defendant. The damage was done before anyone could interfere. In this connection we cite the cases of Wicker v. North States Const. Co. Inc. 183 Minn. 79, 85, 235 N. W. 630, 632, and Engholm v. Northland Transportation Co. 184 Minn. 349, 238 N. W. 795.

The plaintiff takes exception to the court's charge in quoting from defendant's answer and in giving so many of defendant's requests to charge that too much emphasis was placed on the principles of law which placed the burden upon the plaintiff. This court has disapproved of quoting from the pleadings, but in the case at bar the quotation was short and harmless. In charging a jury we dis-

approve of the practice of giving such numerous requests to charge by either party as to throw the charge out of balance and to over-emphasize the principles contended for by either side. Usually it is better for the court to cover the situation in its own language without giving undue emphasis by repetition or otherwise to any phase of the law and thus mislead the jury into believing that the emphasized principles should govern their verdict. Juries are too prone to give great weight to what they suspect, perhaps incorrect-ly, is the trial court's views on questions of fact.

The order appealed from is reversed.

