# GEORGE LARSON v. DONALD FOX AND ANOTHER.[1]

October 6, 1933.

No. 29,529.

*Lewis, Hunt & Palmer* and *C. G. Wright,* for appellants.
*O. J. Larson,* for respondent.

*HOLT, Justice.*

Defendants appeal from the judgment awarding plaintiff damages for personal injuries received when struck by an automobile driven by defendant Donald Fox, son of the other defendant.

There was no motion for a new trial. Defendants' counsel frankly concede that the evidence supports every issue embraced in the verdict so adequately as not to be subject to attack in this court, save one, plaintiff's contributory negligence alleged as a defense. The sole contention on this appeal is that the record discloses as a matter of law negligence of plaintiff which proximately contributed to the collision and resulting injury.

[1]Reported in 250 N. W. 449.

The facts not in dispute are these: At about 11 o'clock, on a rainy and drizzly October night, defendant Donald Fox, 20 years old, with a companion of the same age, driving east on Superior street in the city of Duluth, collided with plaintiff on the east crosswalk of First avenue east when the latter was on or near the southerly or eastbound street car track. Plaintiff left the curb on the north side of Superior street to go to his lodgings on First avenue east, a block or two south of Superior street. The manner in which plaintiff walked, the speed at which the car approached him, and the movements of the car and plaintiff, the second or two which elapsed after each appreciated the danger of a collision, and the actual contact are in dispute. The evidence is conclusive that there is a stop-and-go signal displaying a red and green light at night at the southwest intersection of Superior street and First avenue east, and that this signal allowed traffic on Superior street as Donald approached the intersection. Hence it must be accepted as true that plaintiff attempted the crossing when the signal was against vehicle traffic crossing Superior street at that point. The jury could accept plaintiff's testimony as true that before he stepped off the northerly curb of Superior street he looked to the east and to the west and saw no approaching traffic that might endanger his crossing; that when he came to the middle of the intersection he again looked to the west and saw defendants' car swinging out onto the southerly street car track directly towards him; that he stopped or retreated a step or two and was struck. The jury could also find that when 200 or 250 feet away from the westerly cross-walk of the intersection defendants' car swung out of the lane of travel at a speed of upwards of 45 miles an hour and passed two or three cars, and that the cars which were passed traveled at the speed of 15 to 20 miles per hour. Donald admits driving at a speed of 20 to 25 miles per hour, and that on approaching the westerly cross-walk he saw plaintiff and attempted to go behind him; that plaintiff hesitated or stepped back, and Donald then turned to the south, missing him with the front, but that the rear wheels slid on the street car track or the wet pavement so that the back part of the car swung against plaintiff and struck him down.

538

Defendants' first proposition is that, putting aside the statute, plaintiff was as a matter of law negligent in attempting to cross. The court instructed the jury:

"If you find that plaintiff was crossing Superior street at the time and place in question against the red traffic lights, you are instructed that he was then violating the traffic laws and regulations, and that such violation on his part was negligence. If you find that such negligence contributed proximately to cause his injury, then plaintiff cannot recover in this action, and your verdict must be for the defendants."

The instruction was requested by defendants and was in the language of the request, except as modified by the insertion of the word "proximately." It is insisted that this is the law of the case because plaintiff took no exception thereto. On an appeal from a judgment entered on the verdict, where there is no motion for a new trial, no exceptions to the evidence received, nor to the law given, the appellant is not entitled to a reversal of the judgment if the evidence supports the verdict under the application of correct rules of law. In other words, the prevailing party should not lose his verdict or judgment because the court upon appellant's request misstated the law. Ellering v. Gross, 189 Minn. 68, 248 N. W. 330. In the absence of any statute or ordinance forbidding plaintiff to cross the street at the time and place in question, his right to do so must be conceded. If such attempt was negligent, it must appear so from the evidence. Enough of his testimony has been alluded to from which the jury could find that he looked for approaching traffic when he started to cross and saw nothing that would interfere with his safe passage; that he encountered no westbound traffic; that he again looked west before going into the lane of the eastbound traffic and was then confronted by the sudden bearing down upon him of defendants' car at an unlawful speed. In this danger it could not be held as a matter of law that he was negligent if he stepped back instead of forward. Defendants' counsel on this first proposition, that plaintiff's contributory negligence appears as a matter of law when viewed apart from any statute, perhaps pro-

ceeds on a broader assumption than plaintiff is entitled to claim, if we understood him correctly. The court and jury must consider plaintiff's conduct from the viewpoint that plaintiff was aware of the fact that the vehicle travel over the streets in question was controlled by the traffic statute (1 Mason Minn. St. 1927, §§ 2720-1 to 2720-69) which prohibited vehicles to move against the red light at that place. But, even so, we think it was for the jury to say whether or not the ordinarily careful person would have attempted the crossing, charged with knowledge that the traffic code at that time permitted vehicles to move east and west over Superior street. It is well for those who are to determine whether plaintiff was negligent in so attempting to cross to bear in mind this provision of that code [§ 2720-18(a)]:

"The driver of any vehicle or street car traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

The jury could well find that defendants' car came upon the intersection at a speed exceeding 40 miles per hour and that such speed, under the conditions existing, violated §§ 2720-3 and 2720-4 of the traffic code.

The other proposition, that plaintiff was guilty of contributory negligence as a matter of law because he was in the act of violating some positive law, cannot be sustained. The instruction above quoted was evidently framed and given on the supposition that some statutory provision or ordinance forbids a pedestrian to cross a city street on a cross-walk when the traffic signal is against vehicles crossing in the same direction. There is no evidence of any ordinance of the city of Duluth on the subject. There is no inhibition in the traffic statute, above referred to, in any manner attempting to regulate the movements of a pedestrian upon public streets or highways, except the last sentence of § 2720-18(c), and that only directs a pedestrian to yield the right of way to vehicles if he attempts to cross a street or highway at any point other than a pedestrian crossing, cross-walk, or intersection. So the mere attempt of a pedestrian to cross over a street cross-walk against a traffic signal

is not a violation of law and is not *per se* negligence, and the first sentence of the quoted instruction is not accurate. If there had been any statute or ordinance forbidding plaintiff to cross against the traffic signal, it might be difficult to escape the conclusion that he proximately contributed to the injury. There being no law or ordinance prohibiting the crossing plaintiff was attempting, it seems plain to us that whether or not he was negligent in so doing must, under the evidence, be determined by the jury. We know that some of these traffic signals are placed in the outskirts of our large cities and are operated only during certain hours; and to hold that a pedestrian is negligent as a matter of law if he. attempts to cross against such signals when no statute or ordinance forbids and the vehicle traffic appears not dangerous would seem to be neither good sense nor good law. That is not saying that there may not be cases where the evidence would warrant a court in holding as a matter of law that a pedestrian venturing to cross a street intersection, whether controlled or uncontrolled by signals, was guilty of negligence *per se*. But the evidence in this case is such that, in our opinion, plaintiff's contributory negligence was for the jury. In other words, it warrants the jury, under correct instructions as to the law, to find that plaintiff was not guilty of negligence in venturing to cross. And, since defendants concede that the jury was warranted in finding plaintiff's injury due to their negligence in driving upon the intersection at an excessive and unlawful speed, the verdict and judgment entered thereon should not be disturbed.

Affirmed.

*STONE, Justice* (dissenting).

I agree with the generalization that a pedestrian may not be charged with negligence as matter of law in crossing a street intersection simply because a traffic signal is set against him. But in this case the conclusion is inescapable to me that cars were approaching from both directions when plaintiff started across Superior street. At least three, defendants' machine one of them, were coming from plaintiff's right. Such factors (weather conditions among them) make plaintiff guilty of what seems to me contributory

negligence as matter of law. That his conduct contributed proximately to the accident does not permit of serious question.

Here again we have a case where, I submit, our law would be better, more workable, and up-to-date if it were well rid of all idea of contributory negligence and used as substitute the doctrine of comparative negligence.