# MARIE MacILLRAVIE v. ST. BARNABAS HOSPITAL.[1]

June 16, 1950.

No. 35,161.

---

[1]Reported in 43 N. W. (2d) 221.

*Snyder, Gale, Hoke, Richards & Janes,* for appellant.
*Daniel John O'Connell,* for respondent.

MATSON, JUSTICE.

Appeal in a personal injury action from an order denying defendant's motion for a new trial.

We are concerned with only two issues:

(1) Is an alleged error in a charge to the jury, by way of undue emphasis given to plaintiff's contentions and supporting evidence as compared to the cursory treatment accorded to defendant's denial thereof, *which is called to the attention of the trial court for the first time in the notice of motion for a new trial,* subject to review upon appeal?

(2) Was the verdict so excessive as to appear to have been given under the influence of passion or prejudice?

Plaintiff recovered a verdict of $6,500 for damages for injuries sustained on February 13, 1946, when, as a patient in defendant's hospital, she was permitted by an attending nurse to fall to the floor when she was being assisted to her bed. Plaintiff had fallen on a prior occasion, but the injuries then sustained were not serious. At the time of her second fall, she was 80 years old and weighed between 60 and 70 pounds. Twice previously in 1945, namely, from August 23 to September 11, and again from October 4 to November 2, she had been hospitalized. By reason of gallstone difficulty, she once more entered defendant's hospital on November 19, 1945. Her inflamed gall bladder led to the formation of a sub-diaphragmatic abscess, which was drained by surgery. At the time of the accident, the abscess was still draining, but there was testimony that plaintiff had then convalesced to such an extent that she expected soon to return to her home. As an immediate result of her fall, she struck her head on a radiator, sustained numerous abrasions, including one on her arm, and injured her

lower back so as to cause severe pain and make it difficult for her to move in bed. Although prior thereto she had been up daily, she was thereafter unable to leave her bed for a considerable period of time.

X rays taken shortly after the accident indicated that she had been theretofore afflicted with hypertrophic arthritis in the vertebral joints and also with osteoporosis of the vertebrae, or a degeneration of the bone caused by a lack of calcium. Apparently some compressions or fractures of her vertebrae had previously taken place. Taking, as we must, the view of the evidence most favorable to the verdict, we cannot, in determining whether the damages awarded are excessive, overlook certain testimony from which the jury could reasonably find that plaintiff's fall brought about an aggravation of her preëxisting disabilities. There was medical testimony that her hypertrophic arthritis was thereby caused to become symptomatic and became so disturbed at the point of lipping between the vertebrae as to produce added pain in the lower back. The opinion was expressed that the marked development of osteoporosis subsequent to the accident was not normal *in the absence of trauma,* and that the prolongation of the time it was necessary for her to remain bedridden contributed to make her condition worse.

█ Plaintiff stayed in the hospital until April 9, 1946, when she was taken home, where she spent several months in bed under medical care. The evidence sustains a finding that her back has become increasingly arched and subject to pain through the advancement of osteoporosis and the progressive fracturing of her vertebral column, and that since her injury she has required, and will continue to require for the rest of her life, considerable personal assistance. She is crippled and subject to considerable pain. Although the evidence is decidedly in conflict as to whether her disabilities were materially aggravated by her fall, we cannot say that the jury's verdict is not sustained. The amount awarded is liberal for a person of her age, but it is not so excessive as to indicate passion or prejudice. A verdict of $5,000 in a former trial was set aside as ex-

cessive. It is the peculiar province of the jury to assess the amount of damages, and where the evidence does not *clearly* indicate that the damages awarded are so excessive as to appear to have been given as a result of passion or prejudice, the court should act with *increased* caution when asked to set aside a second verdict on that ground. Northern States Power Co. v. Barnard, 187 Minn. 353, 245 N. W. 609; 5 Dunnell, Dig. & Supp. § 7139. We find no abuse of discretion in the trial court's refusal to set aside the verdict and grant a new trial.

 Although it is admitted that the instructions to the jury as a whole are substantially correct, defendant seeks to predicate reversible error on the ground that the trial court in its charge gave undue prominence and disproportionate emphasis to plaintiff's evidentiary contentions as compared to defendant's denials thereof. At the close of its charge, the trial court asked if counsel wished to suggest any corrections. No objection to the charge was then made by defendant. If there was in fact any error or overemphasis, it was not in any manner called to the attention of the trial court prior to the making of a motion for a new trial. Although errors in jury instructions as to controlling propositions of law may be called to the attention of the trial court for the first time in a notice of motion for a new trial, this is not the case— *where the charge as a whole is substantially correct*—with respect to those inadvertent errors or omissions which creep into a charge, such as ambiguities or unintentional inaccuracies arising from a failure to qualify general statements of law or fact or which involve nothing more than an obvious unintentional reflection of emphasis which arises from devoting more words in stating plaintiff's evidentiary claims than in expressing defendant's denials or defenses. Inadvertent errors may take a variety of forms, but, generally speaking, they constitute nonfundamental defects which the court would undoubtedly correct if its attention were seasonably called to them.[2] Obviously, an enumeration or summary of plain-

---

[2]See, Applebee v. Perry, 87 Minn. 242, 91 N. W. 893; Robertson v. Burton, 88 Minn. 151, 92 N. W. 538; Sassen v. Haegle, 125 Minn. 441, 147

tiff's evidentiary contentions may reasonably require a longer and more detailed statement than defendant's denials thereof, and any emphasis so given to plaintiff's case—if it be a matter of disproportionate emphasis at all[3]—involves no controlling proposition of law, but at most inadvertent error. The rule that inadvertent error in the instructions to the jury may not, for the purpose of securing a review thereof upon appeal, be called to the attention of the trial court for the first time in the notice of motion for a new trial has been the rule in this jurisdiction since Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. Although, since the enactment of M. S. A. 547.03, subd. 2, a formal exception need not be taken if the court's attention is otherwise seasonably and adequately directed to an inadvertent error before the jury has retired, the rule of Steinbauer v. Stone, *supra,* still stands. Foster v. Bock, 229 Minn. 428, 39 N. W. (2d) 862. In Storey v. Weinberg, 226 Minn. 48, 51, 31 N. W. (2d) 912, 915, we said:

"* * * The right to call the court's attention to its inadvertent omission or error in the charge, or to take exception thereto, involves a corresponding duty to exercise such right seasonably before the jury has retired. While M. S. A. 547.03, subd. 1, does not require exceptions to instructions to be taken orally and permits them to be taken in the notice of motion for a new trial, *it does*

N. W. 445, 52 L. R. A. (N. S.) 1176; Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489; Dehen v. Berning, 198 Minn. 522, 270 N. W. 602; Greene v. Mathiowetz, 212 Minn. 171, 3 N. W. (2d) 97; State v. Siebke, 216 Minn. 181, 12 N. W. (2d) 186; 6 Dunnell, Dig. & Supp. § 9798.

[3]See, Kalamazoo Tank & Silo Co. v. Shiek, 248 Mich. 118, 226 N. W. 832. Cf. same with Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763, and Freeman v. Morris Const. Co. 179 Minn. 94, 228 N. W. 442 (involving the singling out and emphasizing of the testimony of a particular witness), and Geddes v. Van Rhee, 126 Minn. 517, 148 N. W. 549 (involving the centering of attention on a detail of a transaction), and Burgess v. Crafts, 184 Minn. 384, 238 N. W. 798 (involving contention that quotation from defendant's answer and the giving of so many of defendant's requests for instructions threw the charge out of balance).

*not go to the length of permitting ambiguous or verbally inaccurate instructions to be so challenged. * * * M. S. A. 547.03, subd. 2, * * ** was not intended to obviate the necessity of seasonably calling the court's attention to inadvertent omissions or errors in the charge, but merely to eliminate the need for taking an exception where the court has acted adversely after its attention has been directed to the alleged error." (Italics supplied.)

The order of the trial court is affirmed.

Affirmed.

---
[1] Reported in 43 N. W. (2d) 265.