NOLA ANDERSON, TRUSTEE OF ESTATE OF
ARTHUR H. ANDERSON, v. MID-MOTORS, INC.,
AND ANOTHER.

98 N. W. (2d) 188.

July 3, 1959—No. 37,497.

*Bradford & Kennedy* and *King & Flora,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *M. J. Coyne,* for respondents.

MURPHY, JUSTICE.

This is an appeal from a judgment in Todd County District Court after denial of the plaintiff's motion for a new trial following verdict for the defendant in a wrongful death action. The principal ground upon which the plaintiff relies for a reversal is that the trial court committed prejudicial error by failing to instruct the jury with reference to forfeiture of right-of-way under M. S. A. 169.20, subd. 1. Viewing the evidence in the light most favorable to the party prevailing below and applying the rule that where the evidence is ambiguous as some of it is here it must be construed in favor of the party for whom the verdict is rendered,[1] we have these facts:

On the day of the accident, September 9, 1956, the decedent and his wife had attended church in the village of Eagle Bend. After leaving church the couple drove to Highway No. 71, which extends north and south through the village of Eagle Bend. The decedent was driving a pickup truck. He drove north on Highway No. 71, intending to turn left at the next intersection into Main Street and proceed west on his way home. The day was sunny and the pavement was dry. The defendant, who had a companion with him, was operating a 1956 Ford automobile and was proceeding south on Highway No. 71. There was testimony that the defendant appeared to be going 50 miles per hour within the village limits prior to his entry into the intersection. This testimony, however, lost much of its force on cross-examination. The skid marks of the defendant's automobile also indicated that his speed might have been in excess of the legal limit. On the other hand, however, there was evidence, which apparently the jury chose to believe, that the defendant approached the intersection at a rate of speed of 25 to 30 miles per hour, slowly decreasing his speed. When he was two or three car lengths north of the intersection he first saw the decedent's pickup truck, which was then about two or three car lengths south of the intersection. The truck was then on the east or right-hand side of the highway. As the decedent approached the intersection there is evidence that he turned his vehicle to the left into the de-

---

[1]Zuber v. N. P. Ry. Co. 246 Minn. 157, 74 N. W. (2d) 641; 1 Dunnell, Dig. (3 ed.) § 415b, and cases cited.

fendant's lane of travel. His wife admitted that she did not see the defendant's automobile.

The cars collided west of the centerline of Highway No. 71, the defendant's car coming to rest about 18 or 20 feet south of the southerly lane of Main Street. Both vehicles were damaged on their left front ends, and the physical facts would indicate that the contact occurred about 7 feet west of the centerline, or about the middle of the defendant's lane of travel. While there was testimony that the left turn signal of the decedent's truck was operating, there was also evidence that the turn signals were not visible in daylight unless a hand was held over them so as to shield them from the sun. The lenses of the turn signals were covered by a metal shield except for an incised arrow, and there was evidence from which it appeared that the slit in the arrow was not visible at 5 feet. The jury had an opportunity to view the turn signals. The evidence would indicate that the decedent began his left turn some distance before entering the intersection, that he traveled obliquely across the highway into the defendant's lane of travel, and that at the time of the accident the truck occupied a large portion of the southbound lane. The verdict was for the defendant.

■ Plaintiff contends that the trial court should have given an instruction to the effect that, if defendant's speed was unlawful, he forfeited whatever right-of-way he might have had. The court read to the jury § 169.20, subd. 2, which provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, * * *."

The plaintiff complains that the court also should have read that portion of § 169.20, subd. 1, which provides that "The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder." As we have indicated, there was evidence from which the jury could have found that the defendant approached and entered the intersection at a speed in excess of 30 miles an hour. The plaintiff claims that he was prejudiced because the court told the jury in one part of his instruction that the defendant

had the right-of-way and neglected to tell the jury that the right-of-way could be forfeited if they found he was operating his automobile at the time and place of the accident at an excessive rate of speed.

It is the contention of the defendant on the other hand that the forfeiture provision set forth in § 169.20, subd. 1, does not apply to the left-turn situation provided for in § 169.20, subd. 2. He argues that the forfeiture provision is limited to § 169.20, subd. 1, which deals with two vehicles entering an uncontrolled intersection from different highways at approximately the same time. Because the forfeiture provision is contained in this particular subdivision, the defendant contends it cannot have application to other right-of-way situations.[2]

The forfeiture clause in regard to rights-of-way on highways first appeared in L. 1927, c. 412, § 18(a).[3] From an examination of our decisions it does not appear that the legislature intended the forfeiture clause contained in that act to apply to only one specific situation in which statutory right-of-way was involved. This is apparent from Larson v. Fox, 189 Minn. 536, 250 N. W. 449, and Naylor v. McDonald, 185 Minn. 518, 521, 241 N. W. 674, 676, which involved pedestrians injured while crossing highways.

L. 1927, c. 412, was repealed in 1937 and was rewritten by L. 1937, c. 464. This was a comprehensive act relating to the regulation of traffic on highways. The provisions which have application to the situation involved in this action are found in Article IX under the title,

---

[2]In contradiction to this theory, see Holman v. Ivins, 150 Minn. 285, 184 N. W. 1026, 21 A. L. R. 964, where it was held that, under circumstances where the driver of an automobile made a left turn in front of a vehicle approaching from the opposite direction, G. S. 1913, § 2552, as amended, applied. That act, similar to § 169.20, subd. 1, required a driver of a vehicle approaching or crossing a street intersection to yield the right-of-way to any other vehicle approaching from his right.

[3]"When two vehicles or a vehicle and a street car approach or enter an intersection at approximately the same time, the driver of the vehicle or street car on the left shall yield the right of way to the vehicle or street car on the right, except as otherwise provided in Section 20 herein. The driver of any vehicle or street car traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

"Right-of-Way."[4] The forfeiture clause appears as § 46(d) and provides that the driver of any vehicle traveling at an unlawful speed shall forfeit *any right-of-way* which he might otherwise have hereunder." (Italics supplied.) As we interpret the meaning of this particular phrase "any right-of-way * * * hereunder," it means any right-of-way[5] provided for under L. 1937, c. 464, Article IX, and is not limited to just situations where automobiles approach intersections under circumstances indicated in § 46(a), (now § 169.20, subd. 1). Article IX deals with various right-of-way situations, including vehicles approaching and entering intersections from different highways;

---

[4]§ 46. "(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

"(c) The foregoing rules are modified at thru highways and otherwise as hereinafter stated in this article.

"(d) The driver of any vehicle or street car traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder."

§ 47. "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

§ 48(a). "The driver of a vehicle shall stop as required by this act at the entrance to a thru highway and shall yield the right-of-way to other vehicles which have entered the intersection from said thru highway or which are approaching so closely on said thru highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said thru highway shall yield the right-of-way to the vehicles so proceeding into or across the thru highway."

[5]§ 169.01, subd. 45. " 'Right of way' means the privilege of the immediate use of highway."

vehicles approaching each other from different directions meeting within an intersection; a vehicle approaching and entering a through highway; and the right-of-way of emergency vehicles and funeral processions. Article X, § 53, includes pedestrian situations referred to in § 169.21, subd. 2. Since the plain words of the statute itself indicate that excessive speed shall cause the forfeiture of "any right-of-way" which the driver of a vehicle may have, it would not be reasonable to say that that provision is limited only to the one situation described in § 46(a). This appears to be the reasoning in Butler v. Engel, 243 Minn. 317, 340, 68 N. W. (2d) 226, 240, where the court stated:

"* * * Where it is determined that the speed of a defendant is unlawful, he forfeits *whatever right of way he may have had,* and the adverse party is entitled to instructions to that effect." (Italics supplied.)

The present revision of our traffic code finds the forfeiture clause appearing as part of § 169.20, subd. 1, which is similar to § 46 of the 1937 traffic code. Its application has not been limited to the right-of-way obtained under that particular subdivision. In Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649, the defendant had a statutory right-of-way over plaintiff pursuant to § 169.20, subd. 3. He was proceeding along an arterial or through highway, which the plaintiff was entering from a side street. The court indicated, however, that the forfeiture clause of § 169.20, subd. 1, did apply to the facts in that case. We stated (244 Minn. 171, 69 N. W. [2d] 655):

"* * * if a driver upon an arterial highway travels at an unlawful speed across a street intersection, he forfeits the right of way which he might otherwise have. § 169.20, subd. 1. See, Jacobsen v. Ahasay, 188 Minn. 179, 246 N. W. 670."

■ We next come to the claim of the plaintiff that the instructions were erroneous and prejudicial. The trial court read to the jury § 169.20, subd. 2, which requires the driver of a vehicle within an intersection intending to turn to the left to yield the right-of-way to the vehicle approaching from an opposite direction which is within or so close to the intersection as to constitute an immediate hazard. The plaintiff asserts that the court erred in not reading that portion of § 169.20, subd. 1, which provides for forfeiture of right-of-way be-

cause of unlawful speed. As we have indicated, the plaintiff was entitled to an instruction with reference to forfeiture since there was evidence in the record as to the defendant's unlawful speed. But in our original opinion of December 19, 1958, we expressed the view that, because the plaintiff had made no request for an instruction as to forfeiture of right-of-way, took no exception to the instructions as given, and raised the question for the first time on the motion for new trial, error did not result. We examined the instructions of the trial court which showed that the jury was told of the basic rule as to speed, § 169.14, with emphasis on subd. 2. The jury was told that § 169.14, subd. 2(1), provides for speed of "30 miles per hour in any municipality"; that subd. 3 thereof requires the operator of an automobile to "drive at an appropriate reduced speed when approaching and crossing an intersection * * *"; and that subd. 2 thereof provides that the "speed limit within any municipality shall be an absolute speed limit and any speed in excess thereof shall be unlawful." We pointed out that on two occasions in his instructions the court told the jury that a party operating his automobile in excess of 30 miles an hour in any municipality was negligent as a matter of law. Moreover, the court instructed the jury in accordance with § 169.19, subd. 4, that "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in this section, * * * or otherwise turn a vehicle from a direct course or move right or left upon a highway unless and until the movement can be made with reasonable safety, * * *." We expressed the view that a further instruction with reference to forfeiture of right-of-way by reason of excessive speed would under the circumstances be cumulative and amount merely to an amplification of instructions already given on the subject of unlawful speed within a municipality. We said that the charge as a whole would not mislead the jury and that failure of the trial court to read § 169.20, subd. 1, was not prejudicial.[6]

[6]Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. (2d) 369; Peterson v. Lang, 239 Minn. 319, 326, 58 N. W. (2d) 609, 614, and authorities cited; 1 Mason's Dunnell, Minn. Practice, §§ 1543, 1544; Hayden v. Lundgren, 175 Minn. 449, 451, 221 N. W. 715, 716; Cressy v. Republic Creo-

We thereafter granted an application for rehearing on the petition of plaintiff in which she asked that this court reconsider the import of the trial court's instruction from the standpoint of its bearing upon the subject of plaintiff's contributory negligence. The gist of plaintiff's argument is that under the instructions "the jury arrived at a verdict on a wrong conception of applicable law." To use the words of the plaintiff, it is asserted:

"If forfeiture bore *only* on the question of defendant's negligence, the reasoning of the opinion would be correct, for if the only issue was whether or not defendant was negligent, a speed over 30 would establish that negligence, Butler v. Engel, 243 Minn. 317, 68 N. W. 2d 226, and forfeiture would not make him any more negligent. But when it is considered that forfeiture actually operates to relieve or immunize decedent from a finding that he violated the statute which required him to yield the right of way, then it appears that the court's view of non-prejudice is incorrect."

On reconsideration the majority of this court agrees that the instruction was in fact prejudicial so as to entitle the plaintiff to a new trial. The majority is now of the view that, even if the jury found from the evidence that the defendant was in fact driving at an unlawful rate of speed, they could, under the instructions, also find that the plaintiff's decedent was contributorily negligent for having failed to yield the statutory right-of-way. Had the jury understood from the instructions that unlawful speed would deprive the defendant of the right-of-way, they could have considered evidence bearing upon the conduct of the decedent from the standpoint of one who was not obliged under the circumstances to yield the statutory right-of-way. In other words, the instructions with reference to the statutory duty of plaintiff's decedent to yield the right-of-way, without the compensating benefit of a charge that excessive speed would deprive the defendant of the right-of-way, left the issues in a position where the jury could consider evidence bearing on the decedent's contributory negligence

soting Co. 108 Minn. 349, 122 N. W. 484; MacIllravie v. St. Barnabas Hospital, 231 Minn. 384, 43 N. W. (2d) 221; Bohnen v. Gorr, 234 Minn. 71, 47 N. W. (2d) 459.

with the impression that the defendant still possessed a statutory right-of-way, notwithstanding his excessive speed. It is the view of the majority that under the circumstances in this case the failure to instruct as to forfeiture was an omission constituting an error with respect to fundamental law and controlling principle. It is recognized that no general rule may be laid down as to what may be error in instructions with reference to "fundamental law or controlling principle" which may be assigned for the first time on a motion for a new trial. What may constitute an error as to fundamental law or controlling principle must necessarily depend upon the circumstances in each particular case.[7] The majority is of the view here that the failure to instruct with reference to the rule that excessive speed forfeits the right-of-way was determinative in that it related to a controlling principle, since the omission left the jury with the impression that excessive speed of the defendant would not exonerate the driver of the left-turning vehicle from a charge of contributory negligence for violating the statute.

Reversed and new trial granted.

The opinion filed herein on December 19, 1958, is withdrawn and the foregoing modified opinion is substituted in lieu thereof.

---

[7]Priewe v. Bartz, 249 Minn. 488, 83 N. W. (2d) 116; Fieve v. Emmeck, 248 Minn. 122, 78 N. W. (2d) 343; Swigerd v. City of Ortonville, 246 Minn. 339, 75 N. W. (2d) 217 (proximate cause); Leman v. Standard Oil Co. 246 Minn. 271, 74 N. W. (2d) 513 (standard of care of a driver of a car in which plaintiff was riding as passenger); Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. (2d) 369; Hess v. Koskovitch, 241 Minn. 174, 62 N. W. (2d) 806; Heise v. J. R. Clark Co. 245 Minn. 179, 71 N. W. (2d) 818 (contributory negligence); Caballero v. Litchfield Wood-Working Co. Inc. 246 Minn. 124, 74 N. W. (2d) 404 (burden of proof); Satter v. Turner, 251 Minn. 1, 86 N. W. (2d) 85; Greene v. Mathiowetz, 212 Minn. 171, 3 N. W. (2d) 97; Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 65 N. W. (2d) 661; Jablinske v. Eckstrom, 247 Minn. 140, 76 N. W. (2d) 654 (forfeiture of right-of-way).