**Arlen ANGELL, Appellant,**

v.

**Loren ENFIELD, Respondent.**

**No. C9-86-365.**

Court of Appeals of Minnesota.

Sept. 9, 1986.

Warren F. Plunkett, Austin, for appellant.

Gary E. Leonard, Alderson, Ondov, Leonard & Sween, Austin, for respondent.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., without oral argument.

## MEMORANDUM OPINION

LANSING, Judge.

This is a personal injury action arising from the collision of two vehicles at an intersection. Appellant Arlen Angell claims error in the trial court's instructions on right of way. We affirm.

## FACTS

By special verdict, the jury found Arlen Angell negligent when his motorcycle, heading west on Oakland Avenue in Austin, collided with Loren Enfield's car. Enfield, driving south on Second Street, stopped for the stop sign and pulled out onto Oakland, where he was struck by the motorcycle. The jury, apparently crediting evidence that Angell was speeding, found Enfield was not negligent.[1]

The trial court's instructions to the jury included selected provisions of Minn.Stat. § 169.20, the right-of-way statute. Specifically, the trial court read part of § 169.20, subd. 1, instructing the jury that "the driv-

---

1. Angell provided this court with only a transcript of the court's instructions to the jury, not a full transcript. We therefore recite only the trial court's findings of fact and the undisputed facts presented in each party's brief. *See Wehner v. Wehner,* 374 N.W.2d 569, 571 (Minn.Ct. App.1985) (facts stated in briefs will be taken as binding admissions).

**914**

er of any vehicle traveling at an unlawful speed shall forfeit any right of way which he may otherwise have hereunder." The trial court then read all of § 169.20, subd. 3, governing the right of way on through highways and at stop signs. After the jury found Enfield was not negligent, Angell moved for a new trial, challenging the court's right-of-way instructions. Angell appeals from the order denying a new trial.

## ANALYSIS

 Angell claims that the trial court, after instructing the jury that a speeding motorist forfeits any right of way, should also have read a paragraph in § 169.20, subd. 1, which states, "the foregoing rules are modified at through highways, and otherwise as stated in this section." In effect, Angell argues that a motorist traveling at an unlawful speed on a through highway may still possess the right of way under § 169.20, subd. 3, if the motorist is "approaching so closely on the through highway as to constitute an immediate hazard."

The relationship between § 169.20, subd. 1, and § 169.20, subd. 3, was thoroughly explored in *Kolatz v. Kelly*, 244 Minn. 163, 69 N.W.2d 649 (1955), where the supreme court said:

> While the operators of cars upon [through] highways have the right of way by reason of the through street or highway, such operators are nevertheless bound to operate them with reasonable care as to the traffic entering from the side streets. Under our existing statutes, after a car has once stopped for a through street in response to the stop sign and the motorist has exercised the ordinary and reasonable care required under § 169.20, subd. 3, before entering commensurate with the care required under the circumstances the usual rules in regard to right of way and speed prevail. * * * The driver on the through street cannot ignore the statute on speed restrictions, § 169.14, subds. 1 (reasonable speed), 2 (miles-per-hour limit), and 3 (when reduced speed required); and, *if a driver upon an arterial highway trav-*

*els at an unlawful speed across a street intersection, he forfeits the right of way which he might otherwise have,* § 169.- 20, subd. 1. * * *

*Id.* at 171, 69 N.W.2d at 655 (emphasis added); *see also Anderson v. Mid-Motors, Inc.,* 256 Minn. 157, 160, 98 N.W.2d 188, 191 (1959) (plain words of § 169.20, subd. 1, indicate that excessive speed shall cause the forfeiture of *any* right of way which a motorist may have).

Because § 169.20, subd. 3, does not modify the "forfeiture rule," the trial court's instructions properly stated the applicable law; the court, therefore, did not abuse its discretion in denying a new trial on this ground.

## DECISION

Affirmed.