Troy BERMEL, Respondent,

v.

Brian AUGE, Appellant.

No. C5–97–1833.

Court of Appeals of Minnesota.

Feb. 24, 1998.

Sean M. Quinn, Robert C. Falsani, Falsani, Balmer, Berglund & Peterson, Duluth, David J. Moskal, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for respondent.

John D. Kelly, Kathleen S. Bray, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, Duluth, for appellant.

Considered and decided by DAVIES, P.J., and PETERSON and FOLEY, JJ.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## OPINION

DANIEL F. FOLEY, * Judge.

Appellant Brian Auge challenges the district court's jury instructions on right of way under Minn.Stat. § 169.20 (1996), arguing that the district court erred in deciding that the forfeiture provision of Minn.Stat. § 169.20, subd. 1 (1996) applies to the situation set forth in Minn.Stat. § 169.20, subd. 4 (1996). We affirm.

## FACTS

On January 15, 1994, respondent Troy Bermel was pulling out of a driveway when a vehicle driven by appellant Brian Auge struck his vehicle. Auge's vehicle had been proceeding on the public highway and approaching the intersection with the driveway. Bermel brought a negligence action against Auge for the injuries he sustained in the collision.

At trial, there was evidence that Auge may have been exceeding the speed limit or travelling too fast for existing road conditions. Accordingly, the district court instructed the jury with regard to forfeiture of right-of-way by unlawful speed and yielding right-of-way for vehicles entering a roadway under Minn. Stat. § 169.20, subds. 1, 4 (1996). Auge objected to the instruction on forfeiture of the right-of-way, arguing that the statutory provision does not apply to a situation involving a vehicle entering the roadway.

At the conclusion of the trial, the jury found that Auge was 70% at fault. The district court denied Auge's motion for a new trial and this appeal followed.

## ISSUE

Did the district court err in its jury instructions on right-of-way under Minn.Stat. § 169.20 (1996)?

## ANALYSIS

A district court has broad discretion in determining jury instructions. *State Farm Fire & Cas. Co. v. Short,* 459 N.W.2d

art. VI, § 10.

111, 113 (Minn.1990). A party is entitled to a jury instruction that sets forth his or her theory of the case if evidence supports it and if it is consistent with the applicable law. *Poppenhagen v. Sornsin Constr. Co.*, 300 Minn. 73, 81, 220 N.W.2d 281, 286 (1974). An appellate court will not order a new trial where instructions fairly and correctly state the applicable law. *Alevizos v. Metropolitan Airports Comm'n*, 452 N.W.2d 492, 501 (Minn.App.1990), *review denied* (Minn. May 11, 1990).

■ Minn.Stat. § 169.20, subd. 4 and the forfeiture provision of Minn.Stat. § 169.20, subd. 1 were among the jury instructions given by the district court. Minn.Stat. § 169.20, subd. 4 provides:

The driver of a vehicle about to enter or cross a roadway from any place other than a roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed.

The forfeiture provision of Minn.Stat. § 169.20, subd. 1 provides:

The driver of any vehicle traveling at an unlawful speed shall forfeit *any* right of way which the driver might otherwise have hereunder.

(Emphasis added.) Appellant argues that the forfeiture provision does not apply to the situation involving a vehicle entering or crossing a roadway from a driveway and an approaching vehicle on the roadway. Appellant claims that subdivision 4 modifies subdivision 1, which states in part that "[t]he foregoing rules are modified as hereinafter stated in this section."

We conclude that appellant's argument is not supported by the case law. In *Anderson v. Mid–Motors, Inc.*, 256 Minn. 157, 98 N.W.2d 188 (1959), the supreme court addressed the applicability of the forfeiture provision of Minn.Stat. § 169.20, subd. 1. The court interpreted the phrase "any right-of-way * * * hereunder" contained in the forfeiture provision to mean *any* right-of-way. *Id.* at 161, 98 N.W.2d at 191. Section 169.20 deals with various right-of-way situations, including (1) vehicles approaching and entering intersections from different highways; (2) vehicles approaching each other from different directions meeting within an intersection; (3) a vehicle approaching and entering a through highway; and (4) the right-of-way of emergency vehicles and funeral processions. *Id.* In deciding that the forfeiture provision is not limited to the situation provided for in Minn.Stat. § 169.20, subd. 1, the court stated:

Since the plain words of the statute itself indicate that excessive speed shall cause the forfeiture of "*any* right-of-way" which the driver of a vehicle may have, it would not be reasonable to say that that provision is limited only to the one situation described in [Minn.Stat. § 169.20, subd. 1]. * * * "Where it is determined that the speed of a defendant is unlawful, he forfeits *whatever right of way he may have had,* and the adverse party is entitled to instructions to that effect."

*Id.* (citation omitted) (emphasis added). In *Anderson,* the supreme court concluded that the forfeiture provision of Minn.Stat. § 169.20, subd. 1, applies to the left-turn situation described in Minn.Stat. § 169.20, subd. 2. *Id.* at 162, 98 N.W.2d at 192.

In *Kolatz v. Kelly,* 244 Minn. 163, 171, 69 N.W.2d 649, 655 (1955), the supreme court held that the forfeiture provision of Minn. Stat. § 169.20, subd. 1, applies to the situation provided in Minn.Stat. § 169.20, subd. 3. In reaching its conclusion, the court stated that

[w]hile the operators of cars upon [through] highways have the right of way by reason of the through street or highway, such operators are nevertheless bound to operate them with reasonable care as to the traffic entering from the side streets. Under our existing statutes, after a car has once stopped for a through street in response to the stop sign and the motorist has exercised the ordinary and reasonable care required under Sec. 169.20, subd. 3, before entering commensurate with the care required under the circumstances the usual rules in regard to right of way and speed prevail. The driver on the through street cannot ignore the statute on speed restrictions, Sec. 169.14, subds. 1 (reasonable speed), 2 (miles-per-hour limit), and 3 (when reduced speed required); and, if a

driver upon an arterial highway travels at an unlawful speed across a street intersection, he forfeits the right of way which he might otherwise have.

*Id.* (citation omitted). The court explained:

If motorists were privileged to rely entirely on the assumption that the other driver would always respect their rights, then the defense of contributory negligence would seldom, if ever, arise. On the other hand, if the driver of an automobile could not rely upon his rights to at least some ordinary or reasonable extent, the right-of-way rules would be of little value, useless, and ineffective, and a premium would only be put on recklessness.

*Id.*

In light of the plain language of Minn.Stat. § 169.20, subd. 1, and the rationale stated in *Kolatz,* we conclude that the forfeiture provision of Minn.Stat. § 169.20, subd. 1, applies to the situation set forth in Minn.Stat. § 169.20, subd. 4. Consequently, we hold that the district court properly stated the applicable law in its jury instructions, and did not abuse its discretion. In the absence of an emergency situation, we cannot sanction travel at excessive speed on public highways.

Appellant's reliance on *Norby v. Klukow,* 249 Minn. 173, 81 N.W.2d 776 (1957), is misplaced because the case did not address the question of whether the forfeiture provision of Minn.Stat. § 169.20, subd. 1, is applicable to the situation described in Minn.Stat. § 169.20, subd. 4.

### DECISION

We affirm the district court's denial of a new trial. The district court did not abuse its discretion in instructing the jury on the forfeiture provision of Minn.Stat. § 169.20, subd. 1.

**Affirmed.**