# FRED C. HOLMAN v. W. N. S. IVINS.[1]

## November 10, 1921.

## No. 22,460.

**Right of way at street intersection — construction of statute.**

> Subdivision 2 of section 2552, G. S. 1913, as amended and as found in 1917 Supp. to G. S. 1913, requiring a driver of a vehicle approaching or crossing a street intersection to yield the right of way to any other vehicle approaching from his right, is applicable where a driver attempts to cross the street along which he is driving to enter a cross street which does not continue on the other side of the first mentioned street.

Action in the district court for Ramsey county to recover $533.19 for injuries to plaintiff's automobile. The answer set up a counterclaim of $191. The case was tried before Haupt, J., and a jury which returned a verdict for $541.15. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Samuel A. Anderson,* for appellant.

*Charles A. Lethert,* for respondent.

HOLT, J.

Summit avenue runs east and west and has a 55-foot driveway for some distance on both sides of where Mackubin street enters it from the north. The latter street goes no further south than to Summit. Plaintiff was driving his automobile westerly on Summit avenue approaching Mackubin street, when defendant, driving easterly on that avenue, was nearing the same street. The latter turned to go north upon Mackubin street, but the right front spring of plaintiff's car caught in the right rear wheel of defendant's, and both vehicles were considerably damaged. Plaintiff sued to recover the damages resulting to him from the collision, and defendant answered, denying responsibility and

[1]Reported in 184 N. W. 1026.

counterclaiming for the damages he sustained. Plaintiff recovered. Defendant appeals from the order denying a new trial.

The only error assigned questions the propriety of submitting for the jury's consideration the statute reading: "The driver of any vehicle approaching or crossing a street or highway intersection shall give the right of way to any other vehicle approaching from his right on the intersecting street or highway, and shall have the right of way at such crossing over any vehicle approaching from his left on such intersecting street or highway." (Section 2552, G. S. 1913, as amended by the addition of subdivision 2 in section 22, c. 119, p. 164, Laws 1917).

The claim of defendant is that the statute does not apply because Mackubin street ends at Summit avenue, and does not continue on to the south. At places where two streets cross there is a space common to both, on which space the traveler must yield the right of way to anyone approaching on his right. So we think there is a space in common to both streets where one street opens into another only on one side. The space to the north of the center line of Summit avenue and within the east and west line of Mackubin street extended, is such a space. As soon as defendant turned towards this space, plaintiff was approaching to defendant's right, and the latter's duty was to yield the right of way. Again plaintiff traveling on Summit avenue westerly, and on the north half thereof, was bound to give the right of way to one driving south on Mackubin street into Summit avenue. There is an intersection, at least as to the northerly half of the space in common there would have been, had Mackubin street continued to the south. We are of the opinion that the north half of Summit avenue must be held to be intersected by Mackubin street, and hence the statute quoted was properly applied. Indeed, the situation calls for the observance of the rule of the statute even more urgently than where both streets pass on beyond.

The fact that there is a statute, section 2634, G. S. 1913, requiring vehicles in turning into an intersecting street, or in making a turn at an intersection to keep to the right of the center thereof, does not suspend the operation of the right of way statute while the turn is made. In turning the driver of the vehicle must heed the requirements of

both statutes mentioned, as well as the one found in section 2635, G. S. 1913, relating to the speed in turning a corner. They are not contradictory, and may all be applicable in a given case.

The order is affirmed.