SOPHIA REITON v. ST. PAUL CITY RAILWAY COMPANY.[1]

November 3, 1939.

No. 32,144.

[1]Reported in 288 N. W. 155.

*Samuel A. Anderson* and *Russell M. Carlson,* for appellant.
*C. J. Menz* and *A. J. Donnelly,* for respondent.

HILTON, JUSTICE.

Plaintiff appeals from an order of the district court for Ramsey county denying her motion for a new trial after a verdict had been directed for defendant.

This action was commenced to recover damages for personal injuries alleged to have resulted from an accident between a streetcar on which she was a passenger and a truck. The collision occurred on Minnehaha street in St. Paul. This street runs east and west. There is a double streetcar track in the center. At the particular part of Minnehaha street here important, an alley 18 feet wide intersects it on the south side of the street. West of the alley is a clear space 20 feet wide. Next to it is an apartment house, the front of which is built to the south edge of the sidewalk. From the south curb of Minnehaha street to the first rail of the track for eastbound cars (*i. e.,* the south track) the distance is 13 feet.

A motor truck 40 feet in length emerged from the alley and moved onto Minnehaha street, making a left turn. Its speed was from five to ten miles per hour. The streetcar on which plaintiff was riding was proceeding easterly. The truck and the streetcar collided at a place in the center of the street approximately three feet west of the west line of the alley. The truck was pushed

about ten inches eastward by the impact, although it appears that the streetcar was nearly stopped when the accident occurred.

The motorman testified that the front of the streetcar was opposite the west corner of the apartment building when he first saw the truck. The apartment is about 42 feet from the east to the west sides. Consequently, according to the motorman, the truck was first observed when the streetcar was about 60 feet from the point of collision. The admitted facts are that the motorman applied the brakes "when the front end of the car was opposite or practically opposite the west edge" of the apartment building and that "when the brakes were applied this caused the screeching sound referred to in the testimony later stated."

Plaintiff urges that testimony given by H. J. Hoppe was adequate to create a fact issue as to the motorman's due care, and therefore it was error to direct a verdict for defendant. In passing upon the merits of this contention it must be remembered that a motion for a directed verdict raises a question of law only. "It admits for the purpose of the motion the credibility of the evidence for the adverse party and every inference which may fairly be drawn from such evidence. That view of the evidence most favorable to the adversary must be accepted." Manos v. St. Paul City Ry. Co. 173 Minn. 402, 405, 217 N. W. 377, 378. Such a motion does not involve the weighing of evidence but rather a determination of its sufficiency in law.

With these principles in view, the evidence produced by plaintiff through witness Hoppe must be examined. Hoppe testified that the truck was in the center of the street when he heard the screech of the brakes. Therefore, it is claimed, if this is true, the motorman must have continued "running the streetcar some distance before it reached a point opposite the corner of said [apartment] building, and before making any effort to stop." Hoppe testified in part as follows:

Q. "When you first heard the screeching of the brakes, where was the streetcar at that time?

A. "It was just about at the corner of the house [apartment]. The other west corner.

Mr. Menz: "What part of the streetcar was at the corner of the house when you heard the screeching of the brakes?

A. "The front end.

Q. "And what part of the truck, if any, was on the streetcar track?

A. "Well, I would say the cab was resting on it. It was about the center, a little bit ahead, about two-thirds ahead of the semi-trailer that the streetcar hit.

Q. "Would the motor have passed over the rail of the east-bound track?

A. "Just about.

"(Objection)

A. "It was just about across the track. The cab was just about in the center of the tracks.

Q. "And what part, if any, did the truck collide with, what part of the streetcar?

A. "It was the left side of the truck about two-thirds to the back and the front left side of the streetcar.

Q. "About two-thirds back?

A. "Yes, the front left side of the truck was turned. He turned going opposite to what the streetcar was coming."

Later he testified:

Q. "And just about the time that you saw the truck starting across the sidewalk you heard the brakes on the streetcar screeching, did you not?

A. "No.

Q. "Didn't you hear, or when did you hear the brakes?

A. "When the truck was in the center of the street."

This testimony was sufficient to raise a fact issue as to the reasonableness of the motorman's conduct under the circumstances. It was error to direct a verdict for defendant. This testimony could have been believed by the jury had it been submitted to them. If the truck was in the center of Minnehaha street when

220

the brakes were applied, then clearly it must have been visible for a period of time prior to when it was first observed by the motorman. Hoppe's testimony agrees with the admitted fact that the brakes were applied when the front of the streetcar was at the west edge of the apartment building. The streetcar was at this point when Hoppe first heard the screech of brakes. This would indicate that the application and the screech from the friction occurred simultaneously. Consequently, the contention advanced by defendant that "there is nothing in his testimony to indicate that he first heard the squeaking of the brakes as soon as it started" is unsound. The testimony is that Hoppe heard the screech at the same point as the admitted facts establish that the brakes were put on.

Hoppe testified, and the jury could so believe, that the truck driver experienced difficulty in operating his truck while on Minnehaha street. He testified that the motor was killed and restarted and that the truck rolled backwards once or twice. This would account for the presence of the truck upon the tracks at the time of the collision. Enlightening also is the fact that the left front of the streetcar struck the rear portions of the trailer. This would indicate that the left turn was nearly completed when the streetcar struck it.

On the record before us, it cannot be said as a matter of law that the defendant was free from responsibility for negligence. The evidence should have been submitted to the jury to determine whether defendant's motorman acted as a reasonably prudent man under the circumstances.

Inasmuch as disposition favorable to plaintiff has been made, discussion of other assignments of error is unnecessary. The order appealed from must be reversed.

Order reversed.

HOLT, STONE, and JULIUS J. OLSON, JUSTICES (dissenting).

We are of the opinion that upon this record a verdict for plaintiff could not stand; hence the court did not err in directing a verdict for defendant.