# C. I. LANDEEN, *d. b. a.* CARLOS OIL COMPANY, v. ELI DeJUNG AND ANOTHER.[1]

February 9, 1945.

No. 33,903.

[1]Reported in 17 N. W. (2d) 648.

288

*Leach & Swore, G. P. Mahoney,* and *John S. Morrison,* for appellant.

*Freeman, King & Geer,* for respondent Eli DeJung.

*Sexton, Mordaunt & Kennedy, A. R. Johanson,* and *Harold J. Carroll,* for respondent Lawrence Jacobson.

YOUNGDAHL, JUSTICE.

Plaintiff appeals from an order denying his alternative motion for judgment or a new trial in an action for damages arising out of a collision between three motor vehicles. At the commencement of trial, plaintiff dismissed the complaint against defendant Traverse Cooperative Oil Association. At the close of the testimony upon motion of defendant Jacobson, the complaint was dismissed as to him. Verdicts were rendered for defendants DeJung and Jacobson on their counterclaims for damage to their trucks in the sum of $1,800 and $3,000, respectively.

The jury accepted defendants' version of the accident, and therefore on appeal we are required to consider the evidence most favorable to them. The testimony considered in that light reveals the following facts: On June 3, 1943, early in the afternoon, a Packard sedan owned by Dr. B. T. Bottolfson of Moorhead was being operated east on state highway No. 52 about three miles east of Melrose. The day was bright and sunny and the road dry. Highway No. 52 is paved, approximately 18 feet wide, and at the point of accident straight and level. The view is clear for about one-half a mile to the east. Dirt shoulders on the north and south sides of the highway are from five to six feet wide and, at the time of the accident, were somewhat soft and lower than the pavement. A short distance from the place where the Bottolfson car was brought to a stop, it passed over a depression in the highway covered with water, after which some difficulty developed with the motor and fire appeared under the hood. The car was brought to a stop on the south side of the highway, partly on and partly off the pavement, and an attempt was made to put out the fire. Shortly thereafter, another eastbound vehicle, a light truck driven by one

Jacobs, was stopped 15 to 20 feet behind the Bottolfson car, also partially on the pavement. Plaintiff's Dodge tractor and tank trailer, hereinafter called the Landeen truck, used for transporting petroleum products and loaded at the time, was being operated on the highway in a westerly direction, approaching the place where the two east-facing vehicles were stopped. The Landeen truck was followed by a cattle truck owned by defendant DeJung, hereinafter referred to as the DeJung truck, and another tractor and tank trailer unit, also loaded, owned by defendant Jacobson, hereinafter called the Jacobson truck. After the DeJung truck had crossed a small bridge located about a quarter of a mile east from where the Bottolfson car was parked, the Landeen truck passed the Jacobson and DeJung trucks. The entire quarter of a mile was used by the Landeen truck in passing these trucks. In passing the DeJung truck, the Landeen truck cut in quite sharply ahead of it and stopped suddenly, partly on the paved portion of the highway a short distance west of the Bottolfson car and 40 to 50 feet ahead of the DeJung truck, without giving any warning of intention to stop. Seeing the road blocked ahead of him, the DeJung driver first put on the brakes, but, observing that he would be unable to stop his truck without collision, he attempted to drive between the Jacobs truck and the Landeen truck and struck both vehicles at about the same time. The Jacobson truck, following behind the DeJung truck, attempted to stop but was unable to do so and struck the trailer of the DeJung vehicle. The Landeen truck was still parallel with the highway after the collision, but the trailer of the DeJung truck was tipped over on its right wheels and rested at an angle across the highway facing south. As a result of the two collisions, the three vehicles were extensively damaged.

Two questions are involved in this appeal: (1) Whether the evidence supports the verdicts on defendants' counterclaims, and (2) whether the trial court erred in dismissing the complaint against defendant Jacobson at the close of the testimony.

■ It is our opinion, after a careful reading of the record, that the evidence amply sustains the verdicts. Plaintiff knew that both the DeJung and Jacobson trucks were following his vehicle. He traveled some 475 feet from the time he decided to stop until the stop was made, knowing that the two trucks were following fairly close behind. After he decided to stop and while he was traveling the 475 feet, he made no observation of the trucks behind him. He was also aware of the presence of the Bottolfson car parked partially on the highway facing east. He knew, or should have known, that stopping his large truck not far from where this car was parked would create a dangerous hazard because of the two other trucks traveling close behind him. In a clear and thorough charge, the court submitted certain statutes to the jury, among others the one as to stopping or suddenly decreasing the speed of a vehicle.[2] Plaintiff conceded that he did not give a signal by extending his arm, but claimed that he applied the brakes and that there was a stop light on the back of his trailer which indicated when a stop was being made. The rear light of the truck was destroyed in the accident. Defendants denied seeing a signal of any kind, and, the jury having accepted defendants' version, we must assume that the stop was made without a signal. The jury was clearly justified in finding that the conduct of plaintiff in cutting sharply ahead of DeJung's truck so close to the Bottolfson and Jacobs vehicles and stopping suddenly on the pavement without a signal was negligence which proximately caused the two collisions. It is negligence for a motorist who knows, or by the exercise of ordinary care should know, that another is following closely behind, to fail to warn the driver of the rear car by appropriate signal of his intention to stop. Christensen v. Hennepin Transp. Co. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945. As pointed out in the Chris-

[2]Minn. St. 1941, § 169.19, subd. 6 (Mason St. 1940 Supp. § 2720-193[c]): "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear unless there is a good and sufficient reason for not being able to do so."

tensen case, the theory underlying such a statute is that the knowledge of a driver of a car to the rear of the presence on the highway of a car forward is not in itself adequate to enable him to guard against a rear-end collision if the forward car should stop suddenly without warning, and that a warning would enable the car in the rear to guard against the stop by bringing his car to a stop with the forward one. True, the violation of the statute is only *prima facie* evidence of negligence, as the court correctly charged. But a *prima facie* case imports negligence and explanations are in order. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758. In the instant case, the jury was justified in finding that no reasonable explanation was given by plaintiff showing good and sufficient reason for violating the statute. The fact that plaintiff's motive in stopping was to assist Bottolfson in putting out the fire in his car did not relieve plaintiff of his responsibility to exercise care for those following him. Nees v. Minneapolis St. Ry. Co. *supra*.

Plaintiff strenuously argues, however, that defendants' testimony is so incredible and unreliable that it should be disregarded. This argument is grounded on the claim that defendants' testimony shows that plaintiff cut in ahead of the DeJung truck and stopped 175 feet east of the Bottolfson automobile. Plaintiff urges that by mathematical computation he could not have possibly accomplished this except at a speed of 55 miles per hour, and there was no such testimony of speed in the record. Further, he asserts that there were no marks on the pavement which would have appeared if a heavy truck of this nature were suddenly stopped. These were factors for the trier of fact to consider. As we said in Kane v. Locke, 216 Minn. 170, 172, 12 N. W. (2d) 495, 496:

"* * * This argument might have probative weight before a trier of fact, but before a court of review it loses its force, since the issue has been determined by the jury adversely to plaintiff."

Furthermore, the argument is premised too strongly upon mathematical exactness. We have stated repeatedly that testimony of

witnesses as to distances and speed are based on estimates as to what they observed at the time of the accident and cannot be held to a mathematical exactness. Kane v. Locke, *supra;* Merritt v. Stuve, 215 Minn. 44, 57, 9 N. W. (2d) 329, 335; Brown v. Knutson, 179 Minn. 123, 228 N. W. 752.

Moreover, we believe defendants' testimony shows that the impact occurred west of the Bottolfson car. Plaintiff's argument that it was defendants' testimony that the Landeen truck was stopped 175 feet east of the Bottolfson automobile is based upon the following testimony of the operator of the DeJung truck:

"Q. Virgil, I guess when we quit last night we were about 175 feet away from the burning automobile, and I believe you said, at that point, the Landeen truck swung over in front of you?

"A. Yes, sir.

"Q. So that it got over on the north half of the pavement, is that right?

"A. Stopping at the same time."

This contention of plaintiff's is fallacious, because this small part of the testimony is separated from its context and an interpretation placed thereon inconsistent with the other evidence in the case. It is clear from a reading of the entire record that no one claimed that the accident happened east of the Bottolfson car, but, rather, west of it. The only matter of dispute as to where the accident happened was the distance west of the Bottolfson car. That defendants were taking the position that the accident happened west of the Bottolfson car is apparent from the testimony of the driver of the DeJung truck that he tried to go between the Jacobs truck and plaintiff's truck; and, as it was conceded that the Jacobs truck was parked west of the Bottolfson car, it seems clear that the only reasonable inference to be drawn from defendants' testimony is that plaintiff's truck was brought to a stop west of the Bottolfson automobile.

The issue of negligence remains the exclusive property of the jury if different minds in applying legal criteria of due care to the

conduct of the parties may reasonably arrive at different conclusions, but may reasonably disagree as to the inferences to be drawn from the facts. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758, *supra*. We conclude that the record presents fact issues, and the verdicts of the jury are amply sustained by the evidence.

■ The court correctly granted the motion of defendant Jacobson to dismiss plaintiff's complaint as to him at the close of testimony. Although a short period of time elapsed between the first and second collisions, they did not occur simultaneously. Plaintiff's truck and the DeJung truck were six to seven feet apart after the accident. Not a single witness testified that the DeJung truck was pushed against plaintiff's truck by reason of the collision between the Jacobson and DeJung trucks. The closest that plaintiff came to any testimony on this issue was the statement of Bottolfson that he thought the DeJung truck came into contact with plaintiff's truck in the second collision, but he would not state definitely. He did not see the second collision, and, for that reason, his statement of what he thought does not have the dignity of testimony. From this state of the record, any finding by the jury that damage was caused to plaintiff's truck by reason of the impact between the Jacobson and DeJung trucks would be based upon sheer speculation and conjecture. Damages which are uncertain, contingent, or speculative, cannot be recovered. O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601, 39 A. S. R. 615; Virtue v. Creamery Package Mfg. Co. 123 Minn. 17, 142 N. W. 930, 1136, L. R. A. 1915B, 1179; Kirschbaum v. Lowrey, 174 Minn. 107, 218 N. W. 461. No recovery can be had where resort must be had to speculation or conjecture for the purpose of determining whether the damages resulting from the act of which complaint is made or from some other cause. Johnston v. City of Galva, 316 Ill. 598, 147 N. E. 453, 38 A. L. R. 1384. It should be noted, too, that the court carefully instructed the jury that they should not construe the dismissal as any indication that the operator of the Jacobson truck

was blameless in the accident, but that the dismissal was granted solely because proof of damages was lacking.

Affirmed.

