# MARCELLINE CHAPMAN v. HAROLD A. DORSEY.
# HOWARD CHAPMAN v. SAME.[1]

August 24, 1951.

Nos. 35,381, 35,382.

---

[1]Reported in 49 N. W. (2d) 4.

**26**

*Ryan, Ryan, Ryan & Ebert,* for appellants.
*Leslie C. Scholle,* for respondent.

CHRISTIANSON, JUSTICE.

Plaintiffs, husband and wife, each appeal from judgments for defendant entered pursuant to verdicts of a jury in their respective actions arising out of an automobile collision.

The collision occurred at the junction of Hardy Lake and Sylvan Dam roads, two graveled county roads located in rural Cass county, Minnesota. Hardy Lake road runs north and south and is joined from the west by Sylvan Dam road running generally east and west. Driving east on Sylvan Dam road, a driver reaches a point where the road divides into two branches, leaving a V-shaped island between. One branch curves north, and the other curves south. A short distance farther east both branches join Hardy Lake road but do not cross it. Traffic heading north onto Hardy Lake road normally takes the north branch, while southbound traffic normally takes the south branch. There are no stop signs on either road.

In the forenoon of September 4, 1949, plaintiff Marcelline Chapman was driving her husband's automobile north on Hardy Lake road intending to continue in that direction past the junction with Sylvan Dam road. Defendant, who had been proceeding east on Sylvan Dam road, entered its southern branch intending to turn south onto Hardy Lake road. As defendant made the turn onto Hardy Lake road, the left front side of his car collided with the left front side of the Chapman car, causing the injuries and damages here complained of. The point of impact was somewhere on Hardy Lake road approximately opposite the place where the south branch of Sylvan Dam road ends. Each of the parties claims the other failed to keep on his proper side of the roadway, and the evidence could justify either finding. No other traffic was present at the time.

It is undisputed that defendant intended to proceed south onto Hardy Lake road; that the presence of trees and brush made this a blind corner; that Hardy Lake road is about 20 feet wide at this point; and that, although somewhat narrower, the southerly branch of Sylvan Dam road is sufficiently wide to permit two vehicles to pass. The only evidence of the degree of the angle at which the south branch of Sylvan Dam road joins Hardy Lake road is contained in certain photographs offered in evidence by plaintiffs. From the photographs it appears that the roads join at not more than a 45-degree angle. Since no diagram or chart was offered in evidence and none of the witnesses testified as to the angle of the juncture of the two roadways, the record in this respect is far from satisfactory.

The trial court gave the jury the right-of-way rule at intersections, but instructed that it would be applicable only if they found as a fact that the junction of the two roads was an intersection within the statutory definition previously read to them.

■ Plaintiffs first contend that it was error to submit to the jury the question whether this junction was an intersection. An intersection is defined by M. S. A. 169.01, subd. 36(a), as follows:

"The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another, at, or approximately at, right angles, *or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.*" (Italics supplied.)

Since traffic from the Sylvan Dam road turning south onto the Hardy Lake road could conflict with southbound traffic on the Hardy Lake road, it is clear that the junction of the two roads constituted an intersection within the meaning of that portion of the statute set out in italics. Consequently, it was error to submit this as a question of fact for the jury. Cf. Holman v. Ivins, 150 Minn. 285, 184 N. W. 1026, 21 A. L. R. 964; Wegmann v. Minneapolis St. Ry. Co. 165 Minn. 41, 205 N. W. 433; Olson v. Evert, 224 Minn. 528, 28 N. W. (2d) 753.

However, the question remains whether the statutory right-of-way rule[2] was properly applicable in this case, because, unless it was, the error with respect to determining the existence of the intersection could not be considered prejudicial to plaintiffs.

"Right of way" is defined in the highway traffic regulation act as "The privilege of the immediate use of highway." § 169.01, subd. 45. As this court stated in Wright v. Minneapolis St. Ry. Co. 222 Minn. 105, 110, 23 N. W. (2d) 347, 352:

"The right-of-way rule is simply a rule of precedence as to which of two users of intersecting highways shall have the immediate *right of crossing* first at an intersection where the users simultaneously approach the intersection on the intersecting streets so nearly at the same time and at such rates of speed that, if they proceed without regard to each other, a collision or interference between them is reasonably to be apprehended. *The application of the rule is restricted to such situations.*" (Italics supplied.)

Our statutory right-of-way rule takes into consideration not only the location of a vehicle upon the highway, but also other factors such as the place from which it is coming and to which it is going. In the instant case, no question of precedence as to the "right of crossing" was presented, since both drivers could have proceeded on their intended courses and their paths would not have crossed. Moreover, neither driver was *privileged* to enter or use the left half of the roadway. Both drivers were required by the highway traffic regulation act to drive on the right half of the roadway,[3] and de-

---

[2] M. S. A. 169.20, subd. 1, provides in part as follows:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

[3] M. S. A. 169.18, subd. 1, provides in part as follows:

"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:"

M. S. A. 169.18, subd. 2, provides:

"Drivers of vehicles proceeding in opposite directions, shall pass each

fendant in making a right turn onto the Hardy Lake road was required to keep as close as practicable to the right side of the road.[4] It is clear in a case such as this, where no question of precedence between crossing vehicles is presented and it conclusively appears, as here, that there was no common area upon which both drivers were privileged to enter, that the statutory right-of-way rule (§ 169.20, subd. 1) is not applicable.

Since it was plaintiffs' car which approached and entered the intersection from the right, plaintiffs were given the benefit of instructions to which they were not entitled. Accordingly, the error in submitting the intersection question to the jury could not have been prejudicial to plaintiffs.

Mrs. Chapman's suit to recover for her personal injuries and her husband's separate action for the loss of her services, medical expenses, and damage to his automobile were tried together. Mrs. Chapman testified that she had an egg route and that she was driving her husband's car to deliver some eggs produced on their farm in Cass county to their regular customers in Brainerd, Minnesota, at the time of the accident. In their motion for a new trial and on appeal, plaintiffs contend that the trial court erred in instructing the jury as follows:

"* * * If you are satisfied by a fair preponderance of the evidence that Mrs. Chapman was negligent and that such negligence contributed as a proximate cause to the accident, then Mrs. Chapman was guilty of contributory negligence, and in that event neither Mrs. Chapman or Mr. Chapman could recover any damages.

\* \* \* \* \*

"If under the evidence and the law as I have given you, you find Mrs. Chapman is not entitled to recover damages, then likewise Mr. Chapman would not be entitled to recover any verdict."

other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main traveled portion of the roadway, as nearly as possible."

[4] M. S. A. 169.19, subd. 1(1), provides:

"Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway;"

The record discloses that at the conclusion of its charge to the jury the court invited counsel to make any corrections, suggestions, or additions. Plaintiffs' counsel responded that he had none.

Although plaintiffs concede that this instruction was proper insofar as it applied to Mr. Chapman's claim for medical expenses and loss of his wife's services (Greenfield v. Unique Theatre Co. 146 Minn. 17, 177 N. W. 666), they maintain that it was erroneous and prejudicial with respect to his automobile damage claim. Even if we assume, as contended by plaintiffs, that the question whether Mrs. Chapman was a mere bailee of her husband's automobile at the time of the collision was properly one of fact for the jury, the failure to give additional instructions with reference to the automobile damage claim was at most an inadvertent omission or error and would not justify reversal under the circumstances presented. The record discloses that no additional instructions were requested, and none of the omissions or errors assigned were called to the court's attention until plaintiffs made their motion for a new trial.

As stated in Foster v. Bock, 229 Minn. 428, 432, 39 N. W. (2d) 862, 865:

"* * * Although a formal exception need not be taken to an inadvertent omission or error in a trial court's instruction to the jury, such omission or error is no ground for granting a new trial unless the trial court's attention has been seasonably directed thereto in some manner."

In Storey v. Weinberg, 226 Minn. 48, 51, 31 N. W. (2d) 912, 915, this court stated:

"* * * The right to call the court's attention to its inadvertent omission or error in the charge, or to take exception thereto, involves a corresponding duty to exercise such right seasonably before the jury has retired. * * * M. S. A. 547.03, subd. 2, * * * was not intended to obviate the necessity of seasonably calling the court's attention to inadvertent omissions or errors in the charge, but merely to eliminate the need for taking an exception where the court

has acted adversely after its attention has been directed to the alleged error."

To the same effect, see Mickelson v. Kernkamp, 230 Minn. 448, 456, 42 N. W. (2d) 18, 23; MacIllravie v. St. Barnabas Hospital, 231 Minn. 384, 388, 43 N. W. (2d) 221, 224, and cases there cited.

Likewise, since the only basis for plaintiffs' further assignment of error with respect to the court's instructions is that the instruction complained of, although a correct statement of the law, was not applicable to the facts in the case, no grounds for reversible error are presented. Cf. Greene v. Mathiowetz, 212 Minn. 171, 3 N. W. (2d) 97.

Affirmed.