## EARL DOSDALL v. SWIFT & COMPANY.[1]

January 9, 1953.

No. 35,853.

*Arthur E. Arntson,* for appellant.
*Leslie C. Scholle* and *Charles B. Wilhelm,* for respondent.

MAGNEY, JUSTICE.

Plaintiff had a verdict, and the court granted defendant judgment notwithstanding the verdict. Plaintiff appeals from the judgment. County highway No. 1 in Goodhue county runs east and west.

[1]Reported in 56 N. W. (2d) 433.

Swenberg road, a township highway, enters No. 1 from the north-west but does not cross it. There are no stop signs on either road. May 25, 1951, was a nice day with good visibility. The roads were dry. In the afternoon of that day, plaintiff was driving his Chevrolet truck in a westerly direction on No. 1 approaching its intersection with Swenberg road. Defendant's 35-foot tractor with trailer attached entered the intersection from Swenberg road. The vehicles collided and plaintiff was injured and his truck damaged. The court set aside a verdict in his favor on the ground of contributory negligence. Whether the court was right in so doing depends on the evidence viewed in the light most favorable to the verdict. The evidence is chiefly plaintiff's own testimony and the physical facts surrounding the accident.

Highway No. 1 is a gravel and crushed-rock road with a driving surface 27 feet wide. In the area involved here it is practically straight. Swenberg road is a poor road with very little gravel on it with a downgrade to No. 1. Plaintiff was driving on No. 1 on the right-hand side going west at a speed of 50 to 55 miles an hour. He saw the defendant's truck coming down the Swenberg road from the right when it was 200 feet from the intersection, traveling at about 35 miles per hour. Plaintiff was then about 300 feet from the intersection. He was thoroughly familiar with the intersection. There was nothing to obscure his view, and he watched defendant's truck continuously. When he first saw it, he was not sure what direction it was going to turn but later determined that he was going to turn toward the east. When defendant's truck was about 50 feet from the intersection coming down the grade and moving forward at a reduced speed (15 miles per hour at 25 feet from the intersection), plaintiff thought he was going to stop although there was no stop sign there. Defendant's driver testified that when he was about 12 feet from the intersection he was driving between 10 and 20 miles an hour, so there is practically no dispute between the parties as to the speed the defendant's truck was approaching the intersection. Plaintiff became aware that the truck was not going to stop but was going to proceed when he was about 150 to 175 feet

from the intersection. He then put on his brakes. When he had first seen the truck coming, he had reduced his speed by 10 miles per hour by taking his foot off the gas. After he applied the brakes, his truck skidded 116 feet on a slight upgrade. His truck veered toward the left being more or less out of control. Just before the collision, plaintiff steered it to the left side of the road, as, he stated, he did not want to run under the trailer which was in the intersection. When plaintiff's truck came to rest, part of it was on the grass on the south side of the road and it was headed in a westerly direction. The right front of plaintiff's truck collided with the left front of defendant's. The defendant's truck had stopped, or almost stopped, when the impact took place. The front of defendant's truck, after the accident, was about at a point in direct line with the northerly side of the Swenberg road, and its rear end about nine feet from the north edge of highway No. 1. As has been stated, the Swenberg road entered No. 1 at an angle from the northwest. Photographs introduced by plaintiff show that all of defendant's 35-foot vehicle had cleared the north line of No. 1, leaving enough room between the rear end of the trailer and the north line for a car to pass. The front end of the truck was over 40 feet into the intersection when the impact took place.

Upon this evidence the trial court directed judgment for the defendant notwithstanding the verdict on the ground of contributory negligence. The only question presented in this case is whether plaintiff was guilty of contributory negligence as a matter of law.

■ Where one road opens into another only on one side, there is a space common to both roads, even at a 45°-angle junction, and the right-of-way rules apply. The direction in which the vehicles travel at such an intersection causes the paths of such vehicles to conflict. Holman v. Ivins, 150 Minn. 285, 184 N. W. 1026, 21 A. L. R. 964; Chapman v. Dorsey, 235 Minn. 25, 49 N. W. (2d) 4.

■ In Bellman v. Posnick, 233 Minn. 268, 46 N. W. (2d) 475, we held that, where plaintiff's own testimony disclosed that he entered an intersection only a split second ahead of the driver on his right and there was no evidence that the other driver was traveling

at an excessive rate of speed, he is contributorily negligent as a matter of law in failing to yield the right of way. In the instant case, the defendant's truck was entering the intersection from the right. Defendant had the statutory right of way. He was driving slowly. There is no claim of excessive rate of speed. When the impact occurred, defendant's truck had entered the intersection and had reached the north line of the Swenberg road extended, the rear of the trailer being about nine feet south of the north line of highway No. 1. So the defendant's truck had traveled into the intersection a distance of over 40 feet, when plaintiff reached the intersection. If in Bellman v. Posnick, *supra,* the plaintiff was guilty of contributory negligence as a matter of law under the facts of that case, it is obvious that here, where plaintiff had barely reached the intersection and had not entered it, he is without question guilty of negligence as a matter of law. This conclusion cannot be escaped. See, also, Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, 175 A. L. R. 1007; Webber v. Seymour, 236 Minn. 10, 51 N. W. (2d) 825.

Furthermore, in this case we have been unable to spell out any negligence on the part of defendant's driver that proximately contributed to the accident.

Affirmed.