MAYNARD VIETHS AND OTHERS v.
THORP FINANCE COMPANY AND OTHERS.

232 N. W. 2d 776.

August 15, 1975—No. 45352.

---

[2] The obligation of the employer and its insurer is statutorily limited to 104 weeks, however.

*Peterson Law Office* and *Michael B. Goodman,* for appellants.

*Holst, Vogel, Erdmann & Vogel* and *George F. Vogel,* for respondents Stemmann.

*Bentley & Christianson* and *Gary Fridell,* for respondents Blattner.

PER CURIAM.

This is an action for specific performance of an agreement for the purchase of real property or, in the alternative, for damages, brought by Maynard Vieths and Donna M. Vieths, husband and wife, and Larry Vieths, against Ervin Blattner and Carol Blattner, husband and wife; Elmer F. Stemmann and Delores C. Stemmann, husband and wife; Thorp Finance Company; and Land Merchants Company. The trial court granted summary judgment in favor of defendants Blattner and Stemmann from which plaintiffs appeal. We reverse.

On June 8, 1973, plaintiffs, as purchasers, and defendants Blattner, as vendors, entered into a purchase agreement for the purchase of a farm. The agreement set the purchase price at $62,000, "which the buyer agrees to pay in the following manner: Earnest money herein paid $1,000.00 and $61,000.00, cash, on 8/15/73, the date of closing." The $1,000 was not paid at the time of the execution of the agreement. Instead, plaintiffs gave the Blattners a note for $1,000.

On August 14, 1973, defendants Blattner, as vendors, entered into a purchase agreement with defendants Stemmann, as purchasers, for the same real estate. The purchase agreement contained the following typewritten clause:

"There is an existing contract on this property. If pre-existing contract is consummated by August 15, 1973 this contract is null and void."

Plaintiffs did not pay the purchase price on August 15, 1973, as required

in the purchase agreement, but on August 17, 1973, the plaintiffs paid the Blattners $1,000 in cash and executed a document which stated that the plaintiffs had until 12 noon on August 31, 1973, to pay the full purchase price. The Blattners deny that they acquiesced to this alleged extension of time for payment, but the trial court found that the time for payment had been extended.

On August 25, 1973, the Blattners served a "NOTICE of Default in Conditions of Contract for the Conveyance of Real Estate" upon the plaintiffs. This notice stated that plaintiffs were in default on the contract because the purchase price had not been paid by August 15, 1973, and that the contract would terminate 30 days after the date of service of the notice if the purchase price was not paid in full by that time. Plaintiffs did not pay the $61,000 to the Blattners. On October 19, 1973, the Blattners conveyed the property to the Stemmanns by warranty deed.

In response to the motions for summary judgment, plaintiff Maynard Vieths, in a sworn affidavit made part of the record, stated that defendants Blattner, Stemmann, and Land Merchants Company informed defendant Thorp Finance Company that plaintiffs would not obtain clear title to the property in question and that this caused Thorp to withdraw a loan commitment to the plaintiffs prior to the termination of the purchase agreement as extended. Plaintiffs also contend that the closing date of the purchase agreement had been extended, a fact vigorously denied by defendants Blattner both in the trial court and in this court. However, as previously noted, the trial court, in granting summary judgment, found:

"That plaintiff did not close the deal on August 15, 1973, and on August 17, 1973, paid Defendants Blattner the earnest money of $1,000.00 and were given until August 31, 1973 to complete the deal."

Of course, a notice of cancellation of an agreement to purchase real estate which is served prior to actual default is ineffective. Mattson v. Greifendorf, 183 Minn. 580, 237 N. W. 588 (1931). See, also, Boulevard Plaza Corp. v. Campbell, 254 Minn. 123, 94 N. W. 2d 273 (1959). Further, assuming that the time of performance of the contract had been extended, the claim of plaintiff Maynard Vieths in his affidavit that plaintiffs were unable to perform during the period of the extension because of the alleged actions of defendants Blattner, Stemmann, and Land Merchants Company raises a genuine issue as to a material fact.

In passing upon a motion for summary judgment, the sole function of the trial court is to determine whether there is a genuine issue of any material fact. The moving party has the burden of proof, and the

nonmoving party has the benefit of that view of the evidence most favorable to him. While summary judgment is intended to secure a just, speedy, and inexpensive disposition, it is not designed as a substitute for trial where there are issues to be determined. Sauter v. Sauter, 244 Minn. 482, 70 N. W. 2d 351 (1955); Ahlm v. Rooney, 274 Minn. 259, 143 N. W. 2d 65 (1966).

It appears from the affidavits and the entire record presented to us that there do exist unresolved material questions of fact which should have precluded the granting of summary judgments to either the Blattners, the sellers of the property, or the Stemmanns, the present record owners, who at the time they entered their agreement to purchase the real estate had knowledge of the existence of the agreement between plaintiffs and the Blattners.[1]

Reversed.

---

[1] See, also, Rule 19.01, Rules of Civil Procedure, which reads in part as follows: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest * * *."