Edward E. WOODY, Appellant,

v.

Patrick M. KRUEGER, et al., Cy
Kuefler, et al., Al Retzer,
Respondents.

No. C8–85–1027.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Harold R. Finn, Jr., Walker, for appellant.

Michael T. Feichtinger, St. Cloud, for Patrick M. Krueger, et al.

Thomas R. Borden, Brainerd, for Cy Kuefler, et al.

Dwane A. Larson, Brainerd, for Al Retzer.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order granting summary judgment in favor of all respondents and judgment entered March 13, 1985. The trial court found no genuine issue of material fact existed as to whether respondents circulated an alleged defamatory letter to someone other than appellant. We affirm in part, reverse in part and remand.

## FACTS

In August 1984, respondent Cy Kuefler Sr. a member of the Board of Directors of Bar Harbor Townhouses Owners Association ("Association"), hired respondent attorney Patrick Krueger on behalf of the Association to review a real estate transaction which took place between appellant Edward Woody, d/b/a W–C Corporation and the Association.

W–C Corporation originally owned Unit 104 of the Bar Harbor Townhouses development in Nisswa, Minnesota, which included an attached and detached garage. It sold the attached garage to an individual together with an option to buy the detached garage. Shortly after this initial sale the Association amended its by-laws to require that all detached garages be included as part of the unit and further that ownership of both the dwelling unit and the garage be identical. To comply with the amended by-laws, W–C Corp. sold the detached garage on September 4, 1980, to the Association for $2,500 and executed a quit claim deed in their favor. The Association did not record this deed until July 9, 1984.

On December 15, 1980, W–C Corp. transferred by warranty deed Unit 104 and the detached garage it already sold to the Association to third parties Mr. and Mrs. Kuttila. The deed from W–C Corp. to the Kuttilas was filed with the recorder on January 30, 1981.

An opinion regarding the propriety of Woody's transactions was requested by the Association's board from attorney Krueger. In a letter sent to the board members in care of Kuefler on August 15, 1984, Krueger concluded that as a result of Woody's sale of identical property to two different buyers he had defrauded the Association. Krueger further stated that Woody's fraud may have arisen through inadvertence and advised the Board to seek an amicable solution to the problem.

On August 20, 1984, Kuefler sent a letter to Woody, then president of the Association, suggesting that he meet with other board members to resolve the matter before the full Association's annual meeting. Enclosed with Kuefler's letter was the opinion letter sent earlier by Krueger to the board.

Approximately a week after he received the letter from the Association's board, Woody distributed copies of Krueger's opinion along with his resignation as president of the Association to other homeowners in the Association. Woody claims the members of the board had disclosed the contents of the opinion to other Association residents before he submitted his resignation. The board members deny this allegation, claiming the opinion letter was kept confidential and that no disclosure, other than the communication to Woody, was made to any of the Townhouse residents.

A defamation action was brought *pro se* by Woody against Krueger and certain members of the board. Respondents moved for summary judgment on the grounds that Woody's complaint failed to state a claim upon which relief could be granted. The trial court granted summary judgment in favor of respondents stating in its memorandum that Woody failed to show the existence of a factual dispute concerning the publication of the opinion letter to a third party, a necessary element of a defamation claim.

### ISSUE

1. Did appellant's *pro se* complaint adequately set forth various causes of action upon which relief could be granted?

2. Did the trial court err in granting summary judgment in favor of respondents?

### ANALYSIS

■ 1. Woody argues for the first time on appeal that his *pro se* complaint states several causes of action, besides defamation, which the trial court did not consider, including a § 1985 conspiracy claim, breach of the director's fiduciary duties, and attorney malpractice. This argument was not presented to the trial court in Woody's opposition to the summary judgment motion, thus, it may not be considered for the first time on appeal. See *Morton v. Board of Commissioners of Ramsey County,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974).

2. Woody next argues summary judgment was not a proper disposition of his defamation action because a genuine factual dispute still exists, namely, whether the opinion letter was distributed to other residents of the Association by the board before he submitted his resignation.

In *Grondahl v. Bulluck,* 318 N.W.2d 240 (Minn.1982), the supreme court defined the appropriateness of summary judgment and the standard of review on appeal.

A motion for summary judgment may be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law. The district court must view the evidence in the light most favorable to the nonmoving party, and this court on appeal must view the evidence most favorably to the one against whom the motion was granted.

*Id.* at 242 (citations omitted).

■ While summary judgment is intended to secure a just, speedy and inexpensive disposition, it is not designed as a substitute for trial where there are factual issues to be determined. *Vieths v. Thorp Finance Co.,* 305 Minn. 522, 525, 232 N.W.2d 776, 778 (1975). It should be employed only where it is perfectly clear that no issue of fact is involved, and it is not necessary to inquire further into facts which might clarify application of the law. *Donnay v. Boulware,* 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966).

■ The essential elements of a defamation action are as follows: (1) The alleged writing must be communicated to someone other than the plaintiff; (2) the writing must be "false" and; (3) it must tend to harm the plaintiff's reputation and to lower him in the estimation of the community. *Stuempges v. Parke, Davis and Company,* 297 N.W.2d 252, 255 (Minn. 1980); *Restatement (Second) of Torts* §§ 558–559 (1977).

■ Three communications were made, one from the board's attorney to his client, a second from the board to Woody, and the third from Woody to the other Association residents. Since the first communication was advice given a client by an attorney in the course of his professional duty, it is protected by the attorney-client privilege. In sending a copy of the opinion letter directly to Woody, no publication of the alleged defamatory material had yet been made and the court correctly found no fact issue on publication as to respondents Krueger and his law firm.

However, when Woody received notice of respondent board members' summary judgment motion at his winter home in California several weeks before oral argument was scheduled, he was still in the process of retaining local counsel to handle his defamation action. Despite the lack of legal advice and the problems inherent in preparing adequately for the motion from such a great distance Woody replied immediately to the affidavits submitted by board members Kuefler and Davidson with a specific factual assertion in direct rebuttal. This affidavit contended that the legal opinion of Krueger was circulated to Association resident Les Smith by the board before Woody himself distributed it.

 If any doubt exists as to the existence of a material fact, the doubt must be resolved in favor of finding that the fact issue exists *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 219 N.W.2d 641, 646 (1974). We conclude that Woody's affidavit creates a factual dispute as to the element of publication and opportunity must be given him especially in light of the peculiar circumstances involved here, to develop further those facts at trial.

## DECISION

Summary judgment in favor of respondents Krueger and his law firm was proper since he did not publish the alleged defamatory letter beyond the protected attorney-client communication existing between himself and the board members. As to respondent board members, Woody's affidavit submitted in opposition to their summary judgment motion stated with necessary specificity facts in existence which created a genuine issue and opportunity should be given him to develop those facts at trial. We reverse and remand for trial on the issue of whether the element of publication by the board members of the alleged defamatory letter has been proven.

Affirmed in part, Reversed in part and Remanded.